DocuSign Envelope ID: BD450443-5E61-4399-AC5C-CF95038BF111

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **C. D., Jr., a minor, by his mother and next friend, Amber Reel,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.** |
| **Steve T. Descano, in his individual capacity, as Attorney for the Commonwealth for Fairfax County, Virginia,** | ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## <u>VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)</u>

### INTRODUCTION

1. At all times relevant to this Complaint, the Defendant was acting under the color of the law of the Commonwealth of Virginia, although this Complaint is filed against Defendant in his individual capacity only.

2. Defendant deprived Plaintiff of rights guaranteed by the United States Constitution and federal law.

3. As a direct and proximate result of Defendant's actions, the Plaintiff suffered severe emotional distress and fears for his physical safety.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question)

and 28 U.S.C. § 1343(a)(3) because this action arises under 42 U.S.C. § 1983 (violation

of civil rights). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claims in this action occurred in the

judicial district where this action is brought.

**PARTIES**

5.   Plaintiff is C.D., Jr., a minor child and a victim of vicious sexual assaults that occurred

between July 4 – July 7, 2021, by Ronnie Keen Reel, aka Ronnie Keene Reels

(hereinafter "Reel").

6.   Defendant in this Complaint is the elected Fairfax County Commonwealth's Attorney,

Steve T. Descano, whose office prosecuted Reel for the sexual assaults.

7.   Plaintiff is filing this Complaint against Defendant, Steve T. Descano, in his individual

capacity only.

**GENERAL ALLEGATIONS**

8.   Reel was arrested on July 13, 2021, and charged with Object Sexual Penetration, Forcible

Sodomy, and Aggravated Sexual Battery against the Plaintiff, a minor child. See Warrants of

Arrest marked as **Plaintiff's Exhibits A, B, and C.**

9.   On February 22, 2022, Reel was indicted by a grand jury on one count of Sodomy and one

count of Aggravated Sexual Battery. See Indictments marked as **Plaintiff's Exhibit D.**

10. The case was set for a two-day jury trial on September 12, 2022, and September 13, 2022.

11. On March 18, 2022, the Fairfax County Circuit Court entered an Order directing Defendant's

office to produce discovery to Reel's attorney by April 29, 2022. See Order marked as

**Plaintiff's Exhibit E**.

12. Defendant's office did not comply with the Order.

13. On September 2, 2022, Reel's attorney filed a motion asking the court to dismiss Reel's case due to a discovery order violation. See Notice And Motion To Dismiss With Prejudice Due To Discovery Order Violation marked as **Plaintiff's Exhibit F**.

## FIRST DISCOVERY VIOLATION

14. After hearing argument, the judge decided "to limit the Commonwealth's evidence at trial due to discovery violations," and ruled that "any evidence that was not provided pursuant to the discovery order by April 29, 2022, is inadmissible." See Order marked as **Plaintiff's Exhibit G**.

15. At that hearing, the judge indicated that the discovery deadlines were "woefully, woefully, missed in this case, which is just a disservice to the victim in this case and is very concerning to the Court that this case was not taken as much responsibility as it should have been." See Transcript of Court Proceedings marked as **Plaintiff's Exhibit H.**

16. On September 13, 2022, Reel entered a plea of guilty to an amended charge of Assault and Battery, a Class 1 misdemeanor in Virginia, and the felony sodomy charge was dismissed. See attached "Plea of Guilty to a Misdemeanor" marked as **Plaintiff's Exhibit I**.

17. Reel was released from custody later that day. See Custody Record marked as **Plaintiff's Exhibit J**.

## SECOND DISCOVERY VIOLATION

18. Alex Joshy (hereinafter "Joshy") had four indictments pending in the Fairfax County Circuit Court stemming from an alleged computer solicitation of a minor.

19. The case was set for trial on July 18, 2022.

20. On June 25, 2021, the Fairfax County Circuit Court entered an Order directing Defendant's office to produce discovery to Joshy's attorney by January 14, 2022. See Discovery and Inspection Order marked as **Plaintiff's Exhibit K.**

21. Defendant's office did not comply with the Order.

22. On July 15, 2022, the attorney for Joshy filed a motion asking the court to dismiss the charges against Joshy due to a discovery violation. See Notice and Motion to Dismiss with Prejudice Due to Discovery Order Violation marked as **Plaintiff's Exhibit L.**

23. As a result of the discovery violation, Joshy's criminal cases were dismissed.

## PHONE CALL

24. Following his arrest, in November 2021, Reel contacted the Plaintiff's mother by phone.

25. Because the Plaintiff was present, he was terrified having to recall the horrific events of being sexually assaulted by Reel.

26. This incident prompted the Plaintiff's family to obtain a Protective Order against Reel and to notify Defendant's office.

27. The Plaintiff's family also asked Defendant's office to notify them of any plea offers as required by the Virginia Crime Victim and Witness Rights Act. See letter to the Commonwealth marked as **Plaintiff's Exhibit M**.

## MEDIA STATEMENT

28. In a statement shared with media outlets, Defendant's Office stated that his office "acted immediately to this novel ruling [referring to the discovery violation in Reel's case]." See News Article published on September 29, 2022, and marked as **Plaintiff's Exhibit N**.

29. But stating that the ruling related to discovery in Reel's case is "novel" was misleading

because in Joshy's case, the same violation had occurred, and Defendant knew about it.

30. Still, after the court dismissed Joshy's cases due to a discovery violation, Defendant continued to condone the same practice and maintained a position of deliberate indifference.

31. Following the conclusion of all judicial proceedings related to Reel's case, Defendant's office revealed that it had received and turned down "multiple pleas" after consultation with the Plaintiff in this case, C.D., Jr. and the Plaintiff's family.

32. Defendant's statement regarding plea offers added insult to injury because neither the Plaintiff nor the Plaintiff's family was ever contacted or consulted regarding any plea offers.

33. By not notifying or discussing plea offers with the Plaintiff as required by law, and in spite of a written request, Defendant failed to comply with Virginia Code § 19.2-11.01.

## SUPERVISORY LIABILITY (42 U.S.C. § 1983)

34. Defendant maintained and was responsible for overseeing, supervising, and regulating all conduct engaged in and undertaken by the personnel in his office while such personnel were engaged in the judicial proceedings, including that of Plaintiff.

35. Defendant's official duties are set forth in Virginia Code § 15.2-1627 (B), but when Plaintiff was deprived of rights guaranteed by the United States Constitution and federal law, Defendant, individually, and as the final policy and decision maker in his office, was responsible.

36. In a media statement, Defendant acknowledged but still defended—even after the dismissal of Joshy's cases— the practice of non-compliance with court-ordered discovery leading to multiple discovery violations. In defending such practice, Defendant stated that the judge's ruling was "indeed confounding to us and inconsistent with precedent." See News Article

DocuSign Envelope ID: BD450443-5E61-4399-AC5C-CF95038BF111

published on September 19, 2022, and marked as **Plaintiff's Exhibit O**.

37. Defendant knew of the existing practice leading to discovery violations because in the Commonwealth's response to Joshy's Motion to Dismiss, Defendant's office admitted that "it did not comply with the letter of the Circuit Court Discovery Order." See Commonwealth's Memorandum in Opposition to Defendant's Motion to Dismiss marked as **Plaintiff's Exhibit P.**

38. Furthermore, the Chief Judge of the Fairfax County Circuit Court stated on the record that "[i]t's very concerning to the Court-and unfortunately, this is not the first time I've had this motion in the past few months." See Transcript of Court Proceedings marked as **Plaintiff's Exhibit Q.**

39. Defendant also knew that the act of condoning non-compliance with discovery orders would cause unreasonable risk and result in the deprivation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and by virtue of 42 U.S.C. § 1983. For example, the discovery order entered in Reel's case with a deadline of April 29, 2022, directed Defendant's office to produce statements including recorded confessions, witness list, exculpatory, and Giglio materials. These requests demand the attention of any licensed attorney given the constitutional implications.

40. In fact, the presiding judge in Reel's case specifically highlighted the constitutionality of the discovery process and stated that "the reason discovery orders are in place is to ensure that there's no trial by ambush and the defendant's due process rights are protected. It is also necessary so that the victim [Plaintiff] in cases gets a voice." The judge went further to find that Defendant's office failed to follow the law: "[t]he Court has to follow the law and the

order, even if the Commonwealth did not." See Transcript of Court Proceedings marked as

**Plaintiff's Exhibit R.**

41. As a result of the discovery violations, Defendant directly and proximately caused Plaintiff to

be deprived of rights guaranteed by the United States Constitution and federal law.

42. Plaintiff was caused and will continue to undergo and endure severe mental anguish and fear

for his safety.

43. The Defendant's deliberate indifference represents egregious conduct that is shocking to the

conscience.

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983-DEPRIVATION OF DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT-STATE CREATED DANGER

44. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 43 as if

full set forth herein.

45. The United States Constitution guarantees equal protection to all citizens.

46. Given the weight of the evidence in the criminal case against Reel, he would have likely

been convicted of sex-related offenses, faced life in prison, and had to register as a sex

offender if ever released.

47. However, because the evidence in Reel's case was excluded due to Defendant's discovery

violations, he is not on probation for this case, nor does have to register as a sex offender,

and was released from custody on September 13, 2022, after the conclusion of his

criminal case (on the same day).

48. There is no prohibition against proximity to children or working on school property for

Reel.

49. Furthermore, Defendant violated subdivision A4d of Virginia Code § 19.2-11.01 by not consulting with the Plaintiff regarding plea offers in spite of a written request delivered to his office.

50. In effect, Defendant created and increased the risk of harm to Plaintiff through his affirmative acts of non-compliance with discovery orders and failure to comply with the Virginia Crime Victim and Witness Rights Act.

51. The Plaintiff was also deprived of protection afforded to him under Virginia Code § 52-35 (Witness Protection Program).

52. Plaintiff lives in fear of the attacker returning to retaliate against him or his family members.

53. Except for a Protective Order that the family secured independently, and a subsequent Protective Order entered by the Chief Judge of the Fairfax County Circuit Court, the Plaintiff has zero protection against Reel.

54. In the Plaintiff's mind, his vulnerability to danger, as compared to before, from Reel returning to assault him or retaliate against his family members is real.

55. In addition to Plaintiff being placed in this dangerous position, Plaintiff will not receive sex offender-related notifications, and was deprived of assistance available to victims of sexual assault.

56. The consequences of Defendant's actions were foreseeable as Defendant's office prosecutes sex crimes in Fairfax County and is familiar with all aspects of sex assault-related protections available to victims including registration for sex offenders, restitution to sexual assault victims, and other victim-related services.

57. Despite the serious consequences and obvious danger to Plaintiff, Defendant still acted affirmatively by directing his personnel to adopt a policy of non-compliance with discovery orders.

## COUNT II
### VIOLATION OF 42 U.S.C. § 1983-DEPRIVATION OF FEDERAL RIGHT- LEGAL ASSISTANCE TO VICTIMS OF SEXUAL ASSAULT (34 U.S. Code § 20121)

58. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 57 as if full set forth herein.

59. This statute is designed to benefit the Plaintiff by giving him the right to access services available to victims of sexual assault.

60. Reel was not convicted of any sex-related offenses.

61. As a result, the Plaintiff was deprived of this right due to Defendant's discovery violations.

## COUNT III
### VIOLATION OF 42 U.S.C. § 1983-DEPRIVATION OF FEDERAL RIGHT-SEX OFFENDER REGISTRATION AND NOTIFICATION (34 U.S. Code §20901, §20911-§2032)

62. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 61 as if full set forth herein.

63. This statute is specifically designed to benefit and protect the Plaintiff from further harm through a nationwide registration process for offenders convicted of sex crimes.

64. Virginia Code § 9.1-900, et seq. (Sex Offender and Crimes Against Minors Registry Act) also affords the Plaintiff similar benefits.

65. The registration under either program would have been mandatory for Reel had he been

convicted of sex-related offenses.

66. But the Plaintiff has been deprived of this right and stripped of a mandatory level

protection due to Defendant's discovery violations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, C. D., Jr., a minor, by his mother and next friend, Amber Reel,

prays for the following relief:

A.     Enter judgment in favor of Plaintiff, C. D., Jr., a minor, by his mother and next friend,

Amber Reel, on his claims under 42 U.S.C. § 1983.

B.     Enter judgement against Defendant Steve T. Descano, in his individual capacity.

C.     Award Plaintiff compensatory damages all in such amounts as shall be shown at the time

of trial.

D.     Award Plaintiff punitive damages all in such amounts as shall be shown at the time of

trial.

E.     That this Court grant final judgment in favor of Plaintiff for all costs and disbursements

of this action together with reasonable attorney's fees pursuant to by 42 U.S.C. § 1988.

F.     That this Court grant any such further relief that it deems just and appropriate, and that

Plaintiff's cause may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: November 20, 2022

Respectfully submitted,



RAMI ZAHR
EIRENE LAW FIRM, P.L.L.C.
Virginia State Bar No. 94264
131 Park Street, NE
Suite 8-A
Vienna, Virginia 22180
(703) 940-1744 (office)
(703) 940-0043 (fax)
Rami.zahr@eirenelaw.com
Counsel for Plaintiff

## VERIFICATION

PURSUANT TO 28 U.S.C. §1746, I VERIFY UNDER THE PENALTY OF PERJURY THAT
THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON ___11/20/2022___.

C. D., Jr., a minor, by his mother and next friend, Amber Reel,
Plaintiff