IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| C.D., Jr., a minor, by his mother and next friend, AMBER REEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:22-cv-01325-AJT-IDD |
| | : | |
| STEVE T. DESCANO, in his individual capacity, as Attorney for the Commonwealth for Fairfax County, Virginia, | : : : : | |
| | : | |
| Defendant. | : | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

COMES NOW, Defendant, Commonwealth's Attorney Steve Descano ("CA Descano"), by and through undersigned counsel, and states the following in reply to the Plaintiffs, C.D., Jr., by next friend, Amber Reel and Amber Reel's ("Minor Plaintiff" and "Mother" respectively, "Plaintiffs" collectively), Opposition to Defendant's Motion to Dismiss the Amended Complaint (the "Opposition").

## ARGUMENT

This reply brief is intended solely to respond to the Opposition's contentions that require further discussion for proper determination of the issues before the Court. This brief does not respond to issues that Defendant believes were adequately discussed in his brief, and Defendant intends no waiver of these issues by not expressly reiterating them herein.

**I.  CA Descano enjoys absolute immunity.**

The nonlinear argument set forth in the Opposition, ostensibly, ends up at the conclusion that "Defendant did not act as advocate or an officer of the court at any point in the proceedings.

Defendant's role does not meet the definition of intimately as required for absolute immunity." (ECF No. 50, p. 9). This conclusion misconstrues the standard by arguing CA Descano was "not 'intimately associated with the judicial phase of the criminal process.'" (ECF No. 50, p. 6). To be clear, the standard is not whether the individual prosecutor is intimately associated with the judicial phase of the criminal process, it is whether the function being performed is. See Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process… when acting within the advocate's role.") (internal citations omitted).

Seemingly, the Opposition attempts to answer this question by distinguishing between supervising/training and policy making. This is a distinction without a difference for the purposes of determining absolute prosecutorial immunity in this case. The question remains, is the alleged conduct a prosecutorial function intimately associated with the judicial phase of the criminal process. In this case, the conduct alleged in the Amended Complaint involves acts/omissions (1) regarding discovery and (2) the determination of whether to prosecute certain charges with respect to the plea deal. Thus, these are the "prosecutorial functions" at issue in this case. The question the Opposition needed to answer in rebuttal was why or how this alleged conduct is not intimately associated with the judicial phase.

The Opposition failed to answer that question. (ECF No. 50, pp. 6 – 10). Labeling CA Descano a policy maker does not remove absolute immunity. Again, Van de Kamp v. Goldstein asked whether a prosecutor could be liable for his assistant's failure to provide a defendant's attorney with impeachment-related information under the theory that the District Attorney failed to adequately train, supervise, *or create any system* that would catch such a mistake. 555 U.S.

335, 344 (2009) (emphasis added). Creating a system is the same type of conduct the Opposition labels as policy making.

Additionally, the only specific conduct alleged in the Amended Complaint that the Opposition argues is not intimately associated with the judicial phase of the criminal process are the alleged statements to the media. (ECF No. 50, p. 10). The Motion to Dismiss asserted absolute immunity to Counts I, II, and III. Unlike Plaintiffs' intentional infliction of emotional distress claim, Count IV, Counts I, II, and III do not rely on the alleged statements made to the media. Consequently, this argument is misplaced.

Ultimately, there is no coherent argument set forth or explaining how discovery, determining what charges to prosecute, and plea deals are not intimately associated with the judicial phase of the criminal process. Thus, even if it is assumed that Plaintiff states a valid claim or claims in the Amended Complaint, which CA Descano disputes, the claims fail as a matter of law due to CA Descano's absolute immunity and this Court must dismiss Counts I, II, and III against him.

II. **The Amended Complaint fails to state a state created danger due process claim under 42 U.S.C. § 1983.**

The Amended Complaint's § 1983 due process claim fails because the allegations are insufficient to show a deprivation caused by CA Descano, a state created danger, or supervisory liability. Tellingly, the Opposition's scattershot response fails to reference the Fourteenth Amendment or due process. (See ECF No. 50, p. 12 – 18).

A. **Minor Plaintiff fails to allege that he has suffered deprivation at the hands of Descano.**

To state a claim under § 1983, Minor Plaintiff must have plausibly alleged that CA Descano's acts or omissions have resulted in some sort of damage or deprivation. Minor Plaintiff

has not and cannot allege facts that show such damage or deprivation that would trigger due process. Instead, the Opposition focuses on the alleged emotional distress to Plaintiff. (ECF No. 50, p. 14). "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit': 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). The Opposition fails to indicate how any of the allegations in the Amended Complaint identify the benefit that Plaintiff was allegedly deprived of as a result of CA Descano's actions.

For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 9 – 11), for which there is no substantive rebuttal, the Amended Complaint failed to state a due process claim under 42 U.S.C. § 1983. Accordingly, this Court must dismiss Counts I, II, and III.

**B.    Minor Plaintiff has failed to sufficiently allege that there was a "state created danger."**

In addressing this issue, the Opposition needed to answer the question: what allegations show that CA Descano created or increased the risk of harm to the victim. See Turner v. Thomas, 930 F.3d 640, 645 (4th Cir. 2019) ("to establish § 1983 liability based on a state-created danger theory, a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omissions") (citing Doe v. Rosa, 795 F.3d 429, 439 (4th Cir. 2015)). The Opposition, however, failed to do so. There are no citations to the paragraph or paragraphs of the Amended Complaint that show Descano created or increased the risk of harm to the victim. (See ECF No. 50, pp. 14 – 15). The simplest explanation for this deficiency is because none of the paragraphs set forth such facts. Instead, the Opposition only offers a jumble of alleged injuries and conclusorily argues that "[t]hey were state created

through a policy of non-compliance and intentional infliction of emotional distress." (ECF No. 50, p. 15).

For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 11 – 14), for which there is no substantive rebuttal, the Amended Complaint failed to state a state created danger claim under 42 U.S.C. § 1983. Accordingly, this Court must dismiss the claim in Count I.

### C. The Amended Complaint's allegations are not sufficient to state a supervisory liability claim.

The Opposition's supervisory liability argument makes it unclear what type of liability the Amended Complaint seeks to impose. The Opposition argues the Amended Complaint sufficiently pleads supervisory liability because the "Defendant knew of the existing policy of non-compliance with discovery rules and orders in Circuit Court." (ECF No. 50, p. 16). Presumably, this is an attempt to argue the first element of supervisor liability, "that the supervisor had actual or constructive knowledge." However, the Opposition, then, argues CA Descano is "the final policy and decision maker in his office." (ECF No. 50, p. 18).

These arguments do not support the same claims. The first argument suggests that Plaintiff is seeking to hold CA Descano liable for the actions of his subordinates, supervisory liability. The second argument suggests that Plaintiff is seeking hold CA Descano liable for establishing policy upon which his subordinates acted, <u>Monell</u> liability. The latter is not a claim raised in the Amended Complaint.

As to the former, the Opposition does not address the appropriate standard. To prove supervisory liability under § 1983 a plaintiff must establish:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an

5

"affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). The Opposition's arguments do not show how the Amended Complaint sufficiently alleges these elements. To the contrary, in its argument that absolute prosecutorial immunity does not apply, the Opposition argues that CA Descano was not in a supervisory position.

For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 14 – 18), for which there is no substantive rebuttal to, the Amended Complaint failed to state a supervisory liability claim under 42 U.S.C. § 1983. Accordingly, this Court must dismiss Counts I, II, and III.

> **D.** **Section 1983 does not provide a federal cause of action for the alleged violation of state or federal statutes.**

"To state a claim for relief in an action brought under 1983, respondents must establish that they were *deprived of a right secured by the Constitution or laws of the United States*, and that the alleged deprivation was committed under color of state law." (ECF No. 50, p. 12) (quoting American Mfr's. Mut. Ins v. Sullivan, 526 U.S. 40, 49-50 (1999)) (emphasis added). The Opposition confuses the violation of a statute with the deprivation of a right. The Opposition, seemingly, argues that the violation of a state or a federal statute can serve a basis for a § 1983 claim. A violation of a statute, however, does not always equate to a deprivation of a right.

As it relates to the alleged state statute violations, the Opposition argues that the Amended Complaint attempts to bring its § 1983 claim for the deprivation of a right created by a state law. (ECF No. 43, pp. 9 – 10). The Opposition argues that "[w]here the violation of state law causes the deprivation of rights protected by the Constitution and statutes of the United States, a cause of action is stated under 42 U.S.C. § 1983." (ECF No. 50, p. 19) (quoting Wirth v. Surles, 562 F.2d 319, 322 (4th Cir. 1977). The violation of the state law and the deprivation of state rights cannot

be the basis for a § 1983 claim. There must be the deprivation of constitutional or federal rights. The Opposition offers no argument or explanation connecting the alleged violation of the state law to deprivation of federal rights.

As it relates to the alleged violations of federal statutes, the Opposition fails to indicate how 34 U.S.C. §§ 20121, 20901, 20911, and 20932 afford Minor Plaintiff a right that invokes due process. For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 18 – 20), for which there is no substantive rebuttal to, the Amended Complaint failed to state a claim under 42 U.S.C. § 1983. Accordingly, this Court must dismiss the claims in Counts I, II, and III.

### III. Plaintiff lacks Article III standing.

The Opposition's arguments do nothing to change the fact that its § 1983 claims are failure to prosecute claims; where the injuries are dependent on the failure to prosecute someone who had already harmed them. See Lefebure v. D'Aquilla, 15 F.4th 650, 661 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022). A victim has no standing to bring such claims. See id. For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 21 – 22), for which there is no substantive rebuttal, Plaintiff lacks standing for his claims under 42 U.S.C. § 1983 as alleged in the Amended Complaint. Accordingly, this Court must dismiss the claims in Counts I, II, and III.

### IV. The Amended Complaint fails to plead sufficient facts to state a claim for Intentional Infliction of Emotional Distress under Virginia law.

The Opposition provides no legal support or further citations to the Amended Complaint. Instead, the Opposition's retort is simply "such conduct goes beyond all human decency." (ECF No. 50, pp. 25 – 26). For the reasons set forth in CA Descano's memorandum, (ECF No. 45, pp. 22 – 24), for which there is no substantive rebuttal, the Amended Complaint failed to state a claim for intentional infliction of emotional distress. Accordingly, this Court must dismiss the claims.

# CONCLUSION

For the reasons set forth above, Defendant, Commonwealth's Attorney, Steve Descano, respectfully requests that the Court grant his Motion to Dismiss Plaintiffs, C.D., Jr., by next friend Amber Reel and Amber Reel's, Amended Complaint against him with prejudice.

Respectfully submitted,

_____/s/_____
**Alexander Francuzenko, VSB # 36510**
**Philip C. Krone, VSB # 87723**
**Thea A. Paolini, VSB # 95925**
**Cook Craig & Francuzenko, PLLC**
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: 703.865.7480  Fax: 703.434.3510
alex@cookcraig.com
pkrone@cookcraig.com
tpaolini@cookcraig.com
*Counsel for Defendant, CA Descano*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2023, I served a copy of Defendant, CA Descano's Reply to Plaintiffs' Opposition to his Motion to Dismiss upon the Plaintiffs via ECF filing to:

Rami Zahr VSB #94264
Eirene Law Firm, PLLC
131 Park Street, NE
Suite 8-A
Vienna, Virginia 22180
Phone: 703.940.1744
Fax: 703.940.0043
Rami.zahr@eirenelaw.com
*Counsel for Plaintiff*

                                                                                     /s/
**Alexander Francuzenko, VSB # 36510**
**Philip C. Krone, VSB # 87723**
**Thea A. Paolini, VSB # 95925**
**Cook Craig & Francuzenko, PLLC**
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: 703.865.7480
Fax: 703.434.3510
alex@cookcraig.com
pkrone@cookcraig.com
tpaolini@cookcraig.com
*Counsel for Defendant, CA Descano*